In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00244-CR
_____

**IDRICK HARRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 25,376**
_____

**MEMORANDUM OPINION**

In this appeal, Idrick Harris' court-appointed appellate counsel submitted a

brief in which counsel contends that no arguable grounds can be advanced to support

Harris' appeal from his conviction for stealing a firearm.[1] Based on our review of

the record, we agree that no arguable issues exist to support Harris' appeal.

---

[1] *See* Tex. Penal Code Ann. § 31.03(e)(4)(C) (West Supp. 2018). While the
Legislature amended the theft statute after Harris committed the theft that is the
subject of this appeal, there are no changes in the theft statute that are pertinent to

1

In the appeal, Harris' appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record.[2] In the brief, counsel concludes that no issues that have any merit can be argued to support Harris' appeal. After receiving the *Anders* brief, we granted an extension of time so that Harris could file a *pro se* response. However, he did not file one.

The record of the proceedings that occurred in the trial court shows that in September 2017, Harris agreed to plead guilty to the charge of stealing a firearm in return for the State's agreement to recommend that the trial court place him on community supervision for five years.[3] To carry out the plea agreement, the trial court, through an order, placed Harris on community supervision for five years. In January 2018, the State filed a motion in which it requested that the trial court revoke the community supervision order. The motion alleges that Harris violated several of the conditions established by Harris' community supervision order.

In May 2018, the trial court conducted an evidentiary hearing on the State's motion. At the beginning of the hearing, Harris pleaded "not true" to the allegations

---

the appeal. For that reason, we cite the current version of the statute when referring to it in the opinion.

[2] *See Anders v. California*, 386 U.S. 738 (1967).

[3] *See* Tex. Penal Code Ann. § 31.03(e)(4)(C).

in the State's motion, which alleged how Harris had violated the conditions of the order the trial court used when it placed him on community supervision. After finding seven of the violations to be true, the trial court revoked the community supervision order and sentenced Harris to serve a two-year sentence in a state jail.[4]

After reviewing the appellate record and the *Anders* brief filed by Harris' counsel, we agree with counsel's conclusion that Harris' appeal is frivolous.[5] Therefore, it is unnecessary to appoint new counsel to re-brief Harris' appeal.[6] Because Harris' appeal is frivolous, the trial court's judgment is affirmed.[7]

AFFIRMED.

---

[4] Under Texas law, the crime of stealing a firearm is a state jail felony, which is punishable by confinement in a state jail with a sentencing range of 180 days to two years. Tex. Penal Code Ann. §§ 12.35(a) (West Supp. 2018), 31.03(e)(4)(C).

[5] A trial court, generally, may revoke a community supervision order upon a finding that the defendant violated any of the terms of the order. *See* Tex. Code Crim. Proc. Ann. art. 42A.751(d) (West 2018); *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

[6] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined arguable grounds exist to support the appeal).

[7] Harris may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

                                                    _____
                                                    HOLLIS HORTON
                                                    Justice

Submitted on December 19, 2018
Opinion Delivered March 13, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.